**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4430**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ALVIN J. PELLUM, JR., a/k/a AJ,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:10-cr-00652-PMD-1)

———————

Submitted: September 28, 2011    Decided: October 13, 2011

———————

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin J. Pellum, Jr. pleaded guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2) (2006). The presentence investigation report calculated Pellum's sentencing range pursuant to the U.S. Sentencing Guidelines Manual (2010) as 135 to 168 months. This was lowered to 120 months, pursuant to the statutory maximum term of imprisonment. 18 U.S.C. § 924(a)(2). Pellum received a 120-month sentence. Pellum now appeals, claiming that the district court imposed a procedurally and substantively unreasonable sentence because it failed to consider his sentencing arguments and failed to provide an adequate explanation for the sentence imposed. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A sentence is procedurally reasonable where the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized

assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted). Upon review, we conclude that the district court provided an adequate individualized assessment, taking into account counsel's arguments for a below-Guidelines sentence. Moreover, the court did not impermissibly consider rehabilitation in fashioning Pellum's sentence. See Tapia v. United States, 131 S. Ct. 2382, 2392 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."). The district court thus did not abuse its discretion in imposing Pellum's 120-month sentence. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review for properly preserved procedural sentencing error); see also Gall, 552 U.S. at 46.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED